USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1490

 JUNE MADELYN WHITE,

 Plaintiff, Appellant,

 v.

 UNITED STATES,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 

 June M. White on brief pro se.
 Loretta C. Argrett, Assistant Attorney General, Gary D. Grayand Edward T. Perelmuter, Attorneys, Tax Division, Department of
Justice and Donald K. Stern, United States Attorney, on brief for
appellee.

April 7, 1999

 
 

 Per Curiam. After careful consideration of the briefs and
record below, we affirm the judgment of the district court. The
appellant argues that the district court should have ruled on the
issue of the timing of the notice of the 1985 tax deficiency. She
effectively seeks belated review of the 1992 Tax Court decision. 
The district court had no power to review the Tax Court's decision. 
26 U.S.C. 7482, 7483. 
 The appellant sought, and the government agreed to, a
redetermination of her 1985 income tax liability. The appellant
agreed to be bound by that redetermination. She fails to show that
the agreement was not binding. Her belated decision, on the basis
of new evidence, that it would have been better to litigate the
notice issue, an issue which could not have been litigated in
district court, cannot free her from her obligations under the
agreement. Mathewson Corporation v. Allied Marine Industries, Inc. 
827 F.2d 850, 856 (1st Cir. 1987); Ross-Simons of Warwick, Inc. v.
Baccarat, Inc., 102 F.3d 12, 17, (1st Cir. 1996) .
 Affirmed. Loc. R. 27.1.